# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VIPUL B. PATEL; BHASKER T. PATEL and JYOTSNA B. PATEL, as co-trustees of the Jyotsna B. Patel Livid Trust dated March 9, 2001; and CASTLE BLDRS.COM, INC., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> ZILLOW, INC. and ZILLOW GROUP, INC., <br><br> Defendants. | Case No. _____ <br><br> Removed from: <br> Circuit Court of Cook County, IL <br> Case No. 2017 CH 07117 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that defendants Zillow, Inc. and Zillow Group, Inc. ("Zillow") remove this case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453.

### I.     BACKGROUND

**A.     Procedural Background**

On May 19, 2017, Vipul B. Patel, individually; Bhasker T. Patel, as co-Trustee of the Jyotsna B. Patel Living Trust; Jyotsna B. Patel, as co-Trustee of the Jyotsna B. Patel Living Trust; and Castle Bldrs.com, Inc. (collectively, "Plaintiffs") sued Zillow in the Circuit Court of Cook County, Illinois. Zillow was served with the summons and complaint on May 23, 2017. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it was filed within 30 days of service of the summons and complaint.

**B.      The Complaint**

This putative class action concerns the "Zestimate," which is Zillow's algorithmic, computer-generated estimate of market value for individual homes. Compl., Ex. 6. Plaintiffs allege four claims: (1) violation of the Illinois Real Estate Appraiser's Licensing Act, 225 ILCS 458; (2) the tort of intrusion upon seclusion; (3) violation of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/3; and (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Plaintiffs seek relief on behalf of themselves and a putative class of "all current owners of real estate property located in Illinois whose property(ies) are listed on Zillow's website[.]" Compl. ¶ 7. Plaintiffs claim that they are entitled to an injunction, actual damages, and punitive damages, as well as costs and attorneys' fees. *Id.* ¶¶ 50-52.

## II.      FEDERAL JURISDICTION UNDER CAFA

Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), federal district courts have original jurisdiction over any putative class action in which (1) 100 or more putative class members are involved; (2) any putative class member is a citizen of a state different from any defendant; and (3) the aggregated claims of the putative class members more likely than not exceed $5,000,000. 28 U.S.C. §§ 1332(d)(2), (4), (6); *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 330 (7th Cir. 2009). Because Zillow has satisfied each requirement, this action may be removed under sections 1332 and 1453 (applying federal removal statute to class actions).

**A.      The Putative Class Consists of More Than 100 Members**

CAFA defines "class action" as "any civil action filed under rule 23 of the Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B). Here, the case is self-styled a "Class Action Complaint" and is purportedly brought "on behalf of [Plaintiffs] and all

current owners of real estate property located in Illinois whose property(ies) are listed on Zillow's website[.]" Compl. ¶ 7.

This putative class consists of over 100 members. Plaintiffs allege that "[t]he Class likely consist [sic] of *millions of homes* and other real estate assets (including but not limited to condominiums and vacant land) within the State of Illinois and listed on Zillow's website." *Id.* ¶ 8 (emphasis added).

**B.     The Parties Are Diverse**

CAFA only requires minimal diversity of citizenship between any putative class member and any defendant. 28 U.S.C. § 1332(d)(2)(A). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). An individual's domicile is usually the place where he or she is physically present and intends to remain indefinitely. *Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995). The "citizenship of a trust for purposes of § 1332(a) diversity jurisdiction is that of its trustee." *Ryan Int'l Airlines, Inc. v. E. Trust SUB-2*, No. 10 C 50135, 2011 WL 893041, at *3 (N.D. Ill. Mar. 14, 2011). A corporation is a citizen of any state in which it is incorporated or has its principal place of business. 28 U.S.C. § 1332(c). A corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities"—typically where the corporation is headquartered. *Praetorian Ins. Co. v. First Class Grp., Inc.*, No. 16-CV-9565, 2017 WL 2180517, at *2 (N.D. Ill. May 18, 2017) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).

Here, CAFA's diversity requirement is easily satisfied. Plaintiff Castle Bldrs.com, Inc. is a citizen of Illinois. *See* Compl. ¶ 3 ("Castle Bldrs.com, Inc. is a duly licensed Illinois corporation with its principal place of business in Cook County, Illinois."). Plaintiffs Vipul Patel, Bhasker Patel, and Jyotsna Patel are residents of Illinois and believed to be citizens of

Illinois. *See id.* ¶¶ 1-2; *see also Century Commodity Corp. v. Data-Trend Commodities Inc.*, No. 83 C 1681, 1986 WL 9557, at *5 (N.D. Ill. Aug. 22, 1986) ("Where one lives is *prima facie* his domicile, and the burden of disproving this is on him who denies it.") (citing *District of Columbia v. Murphy*, 314 U.S. 441, 442 (1941)). The Jyotsna B. Patel Living Trust is a citizen of Illinois because Plaintiffs Bhasker and Jyotsna Patel are its Trustees, and they are citizens of Illinois. Compl. ¶¶ 1-2; *Ryan Int'l Airlines*, 2011 WL 893041, at *3. In addition to the named Plaintiffs, this class action is brought on behalf of a class of *Illinois* property owners. And Zillow, Inc. and Zillow Group, Inc. are citizens of Washington, where they are headquartered and have their principal place of business. *See* Compl. ¶ 4 (averring that Zillow, Inc. and Zillow Group, Inc. are Washington corporations).

"Accordingly, diversity is established because the citizenship of one putative class member, *i.e.,* [a] Plaintiff being a citizen of Illinois, is different than that of one defendant, *i.e.,* [Zillow, Inc.] being a citizen of [Washington]." *See De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *4 (N.D. Ill. Mar. 18, 2013).

**C.     The Amount in Controversy Exceeds $5 Million**

CAFA creates original federal jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of individual class members are aggregated. *Id.* § 1332(d)(6). Here, because of the potential size of the class alleged by Plaintiffs and the nature of damages alleged by Plaintiffs, the amount in controversy requirement is easily satisfied. (To be clear, Zillow disputes that it has *any* liability in this action and further disputes whether, even if there were liability, Plaintiffs have any viable damages theory either factually or legally. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration [for removal] concerns what the plaintiff is claiming (and thus the amount in

controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks.").)

Plaintiffs do not assert a specific amount in controversy in the complaint. Because Plaintiffs do not specify an amount in controversy, Zillow need only "show a reasonable probability that the stakes exceed the minimum [amount in controversy]" of $5,000,000. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011). Zillow's own reasonable estimate of purported possible damages controls unless Plaintiffs can prove that state law would not authorize such a recovery. *See id.* at 830 ("[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible."); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed . . . [the jurisdictional requirement] . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal quotation marks and citation omitted).

Plaintiffs allege that they are Illinois real estate owners whose properties are displayed on Zillow's website. Compl. ¶¶ 1-3 &. Exs. 1-5. Plaintiffs purport to bring this action on behalf of "all current owners of real estate property located in Illinois whose property(ies) are listed on Zillow's website." *Id.* ¶ 7. They contend that "[t]he Class likely consist [sic] of *millions of homes* and other real estate assets (including but not limited to condominiums and vacant land) within the State of Illinois and listed on Zillow's website." *Id.* ¶ 8 (emphasis added). Therefore, the complaint alleges that there are at least two million putative class members. With a putative class alleged to be at least two million people, alleged damages of *just $2.50 per class member* would be sufficient to establish the amount in controversy for purposes of diversity. However, Plaintiffs allege far more, as shown below.

### 1. Actual Damages

Plaintiffs seek alleged actual damages. *See, e.g.*, *id.* ¶¶ 33, 51. Plaintiffs seek damages for intrusion upon seclusion and under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, on the theories that low Zestimates (a) "driv[e] away potential buyers;" (b) "caus[e] buyers to harass sellers;" (c) "add[] unnecessary expense . . . to the sales process" by causing sellers to pay mortgage bills and taxes they would not have had to pay if their homes sold; (d) "forc[e] many sellers to hire brokers" to address confusion caused by the Zestimates; and (e) "in some cases, . . . caus[e] property owners to withdraw their selling for sale altogether." Compl. ¶ 33 (intrusion upon seclusion claim); *see also id.* ¶ 51 (incorporating same damages theory for statutory consumer protection claim).

*Difference Between Desired Sale Price and Zestimate.* Items (a), (b), and (e) in the list of damage types above are premised on the idea that Zestimates are lower than the prices for which Plaintiffs could otherwise sell their homes, and presumably that difference would then be the starting measure of these alleged forms of actual damages. Zillow strongly disputes whether this states a valid damages theory, and would emphasize that the fair market value of a home is set by a willing buyer and seller. But accepting the complaint's theory for purposes solely of assessing claimed damages for CAFA purposes, the exhibits attached to the complaint show that Plaintiffs have attempted to sell three of their homes for hundreds of thousands of dollars more than the respective Zestimates. *See* Compl., Ex. 1 (listing home for $426,323 more than the Zestimate); Ex. 2 (listing home for $473,773 more than the Zestimate); Ex. 4 (listing home for $826,275 more than the Zestimate). Thus, Plaintiffs seek to remedy through a damages award what they view as hundreds of thousands of dollars in lost market value for *each* Plaintiff. Of course, the amount of any such difference would not necessarily be fully realized by Plaintiffs, since in many real estate transactions, a mortgage company and other third parties receive portions of the

sale price, but nonetheless the amounts alleged by Plaintiffs are many times greater than the $2.50 per person needed to satisfy the jurisdictional threshold of $5,000,000 in controversy, given that the class is alleged to include at least two million people.

*Broker Fees, Mortgage Payments, and Other Costs Incurred While Waiting for Homes to Sell.* Items (c) and (d) in Plaintiffs' list of damage types above include reimbursement for broker fees, mortgage payments, and other bills sellers may pay while waiting for their homes to sell, which Plaintiffs claim is delayed due to the allegedly low Zestimate. Compl. ¶ 33. Even focusing on this theory alone, and again without conceding its validity, broker fees and mortgage payments for one home for a delay period of any length of time would be more than the $2.50 in damages per person required to meet the jurisdictional threshold, given the alleged size of the class.

### 2. Punitive Damages

Plaintiffs also seek purported punitive damages, *id.* ¶¶ 38, 52, which are also included in the calculation of the jurisdictional amount *in addition* to actual damages amounts. *See Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211 (7th Cir. 1995) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.") (internal quotation marks and citation omitted). Punitive damages in the amount of two or three times the actual damages "may properly be reckoned into the jurisdictional amount for purposes of diversity jurisdiction." *Jones v. Am. Coal Co.*, No. 12-cv-160 (GPM), 2012 WL 626175, *1 (S.D. Ill. Feb. 24, 2012) (citing *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996)).

### D. The Exceptions to CAFA Jurisdiction Do Not Apply

Plaintiffs bear the burden of establishing any exceptions to CAFA jurisdiction. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680-81 (7th Cir. 2006). CAFA provides one

discretionary exception and two mandatory exceptions to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). However, all three exceptions require that the defendant is a citizen of the state in which the action was originally filed. *Id.* Because Zillow is not a citizen of the state of Illinois, none of the CAFA exceptions apply to this case.

## III. VENUE

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place wherein the removed action was pending.

## IV. STATE COURT PLEADINGS

A true and correct copy of Plaintiffs' Class Action Complaint, and all process, pleadings, and orders served on defendants in the state court action, are attached to this Notice of Removal as required by 28 U.S.C. §§ 1446(a), 1447(b). *See* Exhibit A (state court filings).

## V. NOTICE TO PLAINTIFF AND CIRCUIT COURT CLERK

Pursuant to 28 U.S.C. § 1446(d), Defendants are serving Plaintiffs with this Notice of Removal and filing with the Cook County Circuit Court a "Notice of Filing of Notice of Removal to the United States District Court for the Northern District of Illinois." Under Federal Rule of Civil Procedure 5(d), Zillow will also file with this Court a "Certificate of Service of Notice of Removal to Federal Court."

May 25, 2017

Respectfully submitted,

ZILLOW, INC. and ZILLOW GROUP, INC.

By: /s/ Eric D. Brandfonbrener
One of their Attorneys

Eric D. Brandfonbrener, ARDC #6195674
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400
ebrand@perkinscoie.com

Rebecca S. Engrav (*pro hac vice* application to be filed)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000
rengrav@perkinscoie.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that on May 25, 2017, a copy of the foregoing Notice of Removal was served on the below counsel of record via U.S. Mail.

*Counsel for plaintiffs*

| | |
|---|---|
| Barbara Andersen | C. Jeffrey Thut |
| ANDERSEN LAW LLC | NOONAN PERILLO & THUT LTD. |
| 2862 Commons Drive | 25 North County Street |
| Glenview, Illinois 60026 | Waukegan, Illinois 60085 |
| Tel: (708) 805-1123 | Tel: (847) 244-0111 |
| bandersen@andersen-law.com | jthut@npt-law.com |

David A. Novoselsky
NOVOSELSKY LAW OFFICE
25 North County Street
Waukegan, Illinois 60085
Tel: (847) 782-5800
dnovo@novoselsky.com


                                              By:    /s/ Eric D. Brandfonbrener


Eric D. Brandfonbrener, ARDC #6195674
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400
ebrand@perkinscoie.com